# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-1917V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
```
                                    *
JANE-ALEXANDRA KREHBIEL             *
as administrator of ESTATE OF       *
MATTHEW DAVID KREHBIEL,             *        Chief Special Master Corcoran
                                    *
        Petitioner,                 *        Filed:  April 14, 2026
                                    *
        v.                          *
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
        Respondent.                 *
                                    *
```
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Jessica Wallace*, Siri & Glimstad, LLP, Aventura, FL, for Petitioner.

*Naseem Kourosh*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On November 20, 2024, Jane-Alexandra Krehbiel, as Administrator of the Estate of Matthew David Krehbiel, filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that Mr. Krehbiel experienced cardia arrhythmia that resulted in his death after receiving an influenza vaccine on November 18, 2022. Petition (ECF No. 1) at 1. Prior to the filing of Respondent's Rule 4(c) Report, Petitioner moved to dismiss the claim. Motion, dated July 11, 2025 (ECF No. 12). I subsequently issued an Order Concluding Proceedings on July 30, 2025 (ECF No. 14).

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for a final award of attorneys' fees and costs. *See* Motion, dated Oct. 7, 2025 (ECF No. 17) ("Mot."). This is Petitioner's sole fees and costs request. Petitioner requests a total of $32,740.98 (reflecting $27,742.40 in fees and $4,998.58 in costs) for the work of attorneys and paralegals at Siri & Glimstad LLP. Mot. at 2. Respondent reacted to the fees request on October 17, 2025. *See* Response, dated Oct. 17, 2025 (ECF No. 19) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2, 4. Petitioner filed a reply maintaining her position and requesting that fees and costs be awarded as indicated. Reply, dated Oct. 22, 2025 (ECF No. 20).

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$32,740.98**.

**ANALYSIS**

## I.    Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

2

"lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Because Petitioner opted to terminate her claim, it was literally "unsuccessful"—and therefore fees are only appropriate if the matter had reasonable basis. But I find there was more than a sufficient objective basis for the claim to entitle him to a fees and costs award. The medical history established not only that Mr. Krehbiel received the vaccine at issue, but that he also experienced a variety of symptoms that could arguably have been vaccine-related. Accordingly (and in light of the extremely lenient standard that governs reasonable basis determinations), a final award of fees and costs in this matter is permissible. There is also no reason otherwise to deny a fees award.

## II.    Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the years work was performed:

|  | **2023** | **2024** | **2025** |
|---|---|---|---|
| **Jessica A. Wallace (Attorney)** | $285.00 | $320.00 | $359.00 |
| **Paralegals** | $180.00 | $187.00 | $195.00 |

Mot. at 13; ECF No. 18-1 at 1–26.

Ms. Wallace practices in Aventura, FL—a jurisdiction that has also been considered "in forum." Accordingly, she (and her paralegals) are entitled to the rates established in *McCulloch*. *See Syed v. Sec'y of Health & Hum. Servs.*, No. 24-780V, 2025 WL 295415 (Fed. Cl. Spec. Mstr. Sept. 15, 2025). The rate requests are also consistent with what has previously been awarded for her work, in accordance with the Office of Special Masters' fee schedule.[5] *See Desena v. Sec'y of Health & Hum. Servs.*, No. 23-500V, 2025 WL 2661535 (Fed. Cl. Spec. Mstr. Aug. 11, 2025). I thus find no cause to reduce them in this instance. And I award all attorney time devoted to the matter as requested. I will therefore award all fees requested without adjustment.

### III.    Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioner must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the bases for a particular cost, special master have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 61225220, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited Apr. 14, 2026).

Petitioner seeks $4,998.58 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, and costs associated with the work of one expert, Steven W. Rostad, M.D. Mot. at 13; ECF No. 18-1 at 26–27. Dr. Rostad reviewed the pertinent medical records and provided a preliminary opinion, but did not submit a formal report in the matter. His invoice reflects a total amount of $3,693.75 (0.75 hours of work billed at $525.00 for work performed in 2024, and six hours of work billed at $550.00 for work performed in 2025). ECF No. 18-1 at 42, 43. The total amount charged was reasonable for the work performed herein. I note, however, the Program typically does not award yearly rate increases for experts like it does for attorneys. Nevertheless, the requested rates for work performed in 2024 and 2025 are reasonable overall, and will be awarded in full  (although this decision is not an endorsement of the specific rates requested). The other litigation-related costs are typical in Program cases, and are reasonably awarded herein.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees and costs award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety. Petitioner is awarded a total amount of **$32,740.98**, reflecting $27,742.40 in attorney's fees and $4,998.58 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.